IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80796-TLS |
| | ) | |
| THOMAS AUGUSTINE CAREY and | ) | CH. 7 |
| SHERRIE SUE CAREY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | ADV. NO. A07-08061-TLS |
| SUSMAN ENTERTAINMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS AUGUSTINE CAREY and | ) | |
| SHERRIE SUE CAREY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This adversary proceeding came on for trial on January 6, 2009. Allen E. Daubman appeared for Plaintiff, Susman Entertainment, Inc., and Bruce C. Barnhart appeared for Defendants, Thomas and Sherrie Carey. Plaintiff proceeded on its Complaint (Fil. #1). In addition to their Answer (Fil. #7), Defendants also filed a Counterclaim (Fil. #19). However, the counterclaim was never served and was abandoned by Defendants. The parties stipulated on the record as to the admissibility of the exhibits filed as Filings #33-45 herein and Defendants' bankruptcy schedules and statement of financial affairs set forth in the underlying bankruptcy proceeding Case No. BK07-80796. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I).

During the trial, a motion to dismiss was made on behalf of Defendant Sherrie Sue Carey, which was granted. Accordingly, the only remaining defendant in the case is Defendant Thomas Augustine Carey.

Plaintiff is a corporation that did business as Maggie McCall's bar from June 2003 until August 2006. Richard Susman is the sole owner and officer of Plaintiff. On August 1, 2006, Plaintiff sold the assets of the bar to J.A. Carey, Inc. The sole owners and operators of J.A. Carey, Inc. are Thomas and Sherrie Carey. Mr. and Mrs. Carey paid approximately $100,000.00 as a down payment, and Plaintiff financed the balance of the purchase price pursuant to the terms of a promissory note payable over 24 months. Mr. and Mrs. Carey personally guaranteed the promissory note.

Plaintiff's complaint was filed on July 28, 2007. It purports to be a complaint under both 11 U.S.C. § 727(a)(2) and 11 U.S.C. § 523(a)(2)(A). A complaint under § 727 is by definition an objection to entry of an order of discharge, whereas a complaint under § 523 deals only with the dischargeability of a certain debt. The prayer of the complaint states as follows:

> WHEREFORE, Creditor requests the Court to determine that the debt due to Susman Entertainment, Inc., listed on Debtor's Schedule F as "Susman Entertaiment" [sic] in the sum of $70,949.00 is non-dischargeable under 11 U.S.C.A. Section 727 (a) (2) and 11 U.S.C.A. Section 523 (a) (2) (a).

Thus, even though Plaintiff asserted a cause of action under § 727(a), it appears Plaintiff was not seeking a general denial of discharge under § 727(a), but was only seeking to find its own debt to be nondischargeable under § 523(a)(2)(A). In any event, both sections will be discussed below.

*Plaintiff's 11 U.S.C. § 727(a)(2) Claim.* As indicated previously, claims under 11 U.S.C. § 727(a)(2) deal with the general denial of a debtor's discharge. That section provides in part as follows:

> (a) The court shall grant the debtor a discharge, unless –
> . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> (A) property of the debtor, within one year before the date of the filing of the petition[.]

The denial of a debtor's discharge is a harsh sanction and the provisions of § 727(a) are strictly construed in favor of the debtor. *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002) (quoting *Korte v. United States (In re Korte)*, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)). Further, the burden of proof is on the objecting party to prove each element of a § 727 complaint by a preponderance of the evidence. *Id.*

Since Plaintiff did not specifically seek denial of Defendants' discharge, their general discharge was granted on August 2, 2007, only four days after the filing of this adversary proceeding. Plaintiff never asked for that discharge to be revoked, never appealed that order and, as indicated, did not specifically seek the general denial of discharge as part of the complaint despite references to § 727. Thus, the entry of discharge is res judicata and is not subject to review in this proceeding. In any event, the evidence is insufficient to support a denial of discharge under 11 U.S.C. § 727(a)(2).

Plaintiff's § 727 references appear to be based on the alleged removal by Defendants of bar assets owned by J.A. Carey, Inc. after the bar had discontinued operations. Plaintiff erroneously claims a security interest in the bar assets. It is true that the purchase agreement indicated that J.A.

Carey, Inc. would grant Plaintiff a security interest in its equipment. However, the record is clear that no such security interest was ever granted, much less perfected. The testimony revealed that Mr. and Mrs. Carey allowed employees to take home certain "memorabilia" (such as bar stools) from the bar in exchange for working without pay on the final weekend of operation, and Mr. Carey acknowledges having possession of two cash registers, a roll-away bed, and a stereo receiver that were used in connection with the bar operations. Contrary to Plaintiff's assertion, Plaintiff did not have a security interest in those assets. Therefore, the "giving away" and the "removal" of those assets did not hinder, delay, or defraud Plaintiff. Further, in their underlying bankruptcy proceeding, Mr. and Mrs. Carey's statement of financial affairs clearly disclosed that the remaining assets of J.A. Carey, Inc. were sold to a third-party purchaser in January 2007. Accordingly, the evidence is simply insufficient to find by a preponderance of the evidence that Mr. and Mrs. Carey transferred, removed, or concealed property with the intent to hinder, delay, or defraud any creditor. Plaintiff's claim under 11 U.S.C. § 727(a)(2) should be dismissed.

*Plaintiff's § 523(a)(2)(A) claim.* To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. *Universal Bank, N.A. v. Grause (In re Grause)*, 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing *Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by *Field v. Mans*, 516 U.S. 59 (1995)). In *Field v. Mans*, the Supreme Court held that § 523(a)(2)(A) requires justifiable reliance, in which justification is a matter of the qualities and characteristics of the particular plaintiff and the circumstances of the particular case. When assessing the debtor's knowledge that the representation was false, the court must consider the debtor's knowledge and experience. *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (citing *In re Duggan*, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)). The knowledge requirement can be satisfied with a finding that the debtor recklessly disregarded the truth by making the false representation under circumstances where he should have known it to be false. *Id.*

"The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." *Moen*, 238 B.R. at 791 (quoting *Moodie-Yannotti v. Swan (In re Swan)*, 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." *Id.* (quoting *Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1287 (8th Cir. 1987)). The intent to deceive will be inferred when the debtor makes a false representation and knows or should know that the statement will induce another to act. *Id.*

Plaintiff's misrepresentation claim under § 523(a)(2) is that after agreeing upon a price, but prior to signing the purchase agreement, Defendant Thomas Carey showed Plaintiff a bank statement indicating he had approximately $200,000.00 in cash assets. Defendant also apparently made some

representations to Plaintiff regarding his monthly income, but it does not appear Plaintiff is claiming those representations were false. Mr. Susman testified that he agreed to finance a portion of the purchase price for the bar only because he believed Defendant had approximately $200,000.00 in cash assets to use for the purchase, the payments, and operations.

Defendant argues that he never had $200,000.00 in a bank account and that he never represented that he had $200,000.00 in a bank account. Defendant acknowledges that he did at one point show Plaintiff a bank statement indicating he had approximately $122,000.00 in a bank account after refinancing his home and cars to accumulate funds for the down payment on the purchase price.

As described above, in order to prevail under § 523(a)(2)(A), a plaintiff must prove the five elements by a preponderance of the evidence. Plaintiff has failed to do so. The evidence is conflicting as to whether Defendant ever represented that he had $200,000.00 in a bank account. It is simply Plaintiff's word against Defendant's word. There is no documentation or other corroborating evidence to support it. Simply stated, there is insufficient evidence that there ever was false representation. Even if there were such a representation, there is no evidence that Defendant had pledged those funds to Plaintiff, made any other representation regarding those funds, or otherwise agreed to maintain those funds solely for purchase and operation of the bar. Further, Plaintiff's own testimony was that as part of the negotiations regarding the purchase price, he had offered to carry a portion of the purchase price on a promissory note, similar to the manner in which he purchased the business. Accordingly, there does not appear to be justifiable reliance.

Plaintiff has failed to prove by a preponderance of the evidence that Defendant made any false representations with the intent and purpose of hindering or deceiving the Plaintiff. Therefore, Plaintiff's Complaint (Fil. #1) should be dismissed.

Separate judgment to be filed.

DATED: January 9, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Allen E. Daubman
    Bruce C. Barnhart
    Richard D. Myers
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.